1  SHARON DOUGLASS MAYO - State Bar No. 150469
   sharon.douglass@aporter.com
2  DANIKA B. VITTITOE - State Bar No. 235337
   danika.vittitoe@aporter.com
3  VIKRAM SOHAL - State Bar No. 240251
   vikram.sohal@aporter.com
4  ARNOLD & PORTER LLP
   777 South Figueroa Street, 44th Floor
5  Los Angeles, California  90017-5844
   Telephone: (213) 243-4000
6  Facsimile: (213) 243-4199                    E-FILED 05/01/09
   Attorneys for Plaintiffs                          JS-6

7

8

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12
   EMI APRIL MUSIC INC., FRANKIE )      Case No.  CV08-05827 (PSG)
13 CHRISTIAN GAYE, D/B/A FCG     )
   MUSIC, MARVIN GAYE III, D/B/A )
14 MG III MUSIC, NONA MARVISA    )      [PROPOSED]
   GAYE, D/B/A NMG MUSIC, SWELL  )
15 SOUNDS MUSIC AND SELDAK       )      CONSENT JUDGMENT
   MUSIC CORP.,                  )
16                               )      (17 U.S.C. §§101 et seq.)
        Plaintiffs,              )
17                               )
   v.                            )
18                               )
   INDIA'S GRILL, INC., JASBIR   )
19 SINGH AND JASWINDER KAUR,     )
                                 )
20      Defendants.              )
                                 )
21                               )
                                 )
22                               )
                                 )
23 _____)

24

25

26

27
       WHEREAS, Plaintiffs EMI April Music Inc., Frankie Christian Gaye, d/b/a
28
   FCG Music, Marvin Gaye III, d/b/a MG III Music, Nona Marvisa Gaye, d/b/a NMG

Music, Swell Sounds Music and Seldak Music Corp. ("Plaintiffs") are owners of the copyrights in the musical compositions listed in Schedule A to Plaintiffs' Complaint filed in this action and members of the American Society of Composers, Authors and Publishers ("ASCAP"); and

WHEREAS, Defendants India's Grill, Inc., Jasbir Singh, and Jaswinder Kaur ("Defendants") at the times of the infringing acts alleged in the Complaint, did own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Electric Lotus, located at 4656 Franklin Avenue, in Los Angeles, in the State of California; and

WHEREAS, Without authorization or consent, Defendants, on the dates specified on Schedule A to the Complaint, publicly performed Plaintiffs' copyrighted musical compositions at Electric Lotus for the entertainment and amusement of the patrons attending said premises in violation of Plaintiffs' rights under 17 U.S.C. § 106(4), as a remedy for which Plaintiffs are entitled to judgment against Defendants for willful copyright infringement; and

WHEREAS, the parties have agreed that the Court may enter judgment as provided herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    (a)    Judgment is entered for Plaintiffs and against Defendants on the claims set forth in Plaintiffs' Complaint in the amount of Sixteen Thousand Dollars ($16,000.00).  Notwithstanding the foregoing, the parties have agreed that this Judgment may be satisfied upon Defendants' payment of the sum of Thirteen Thousand Dollars ($13,000.00) ("the Settlement Amount") as provided in Paragraph 2 below.

(b)    The amount provided for in this Consent Judgment shall be in full settlement of all claims against Defendants arising out of Plaintiffs' Complaint and all other copyright infringement claims of members of ASCAP against Defendants

1   arising out of the operation of Electric Lotus, during all periods up to and including

2   the date of entry of this Consent Judgment.

3       2.      (a)     Defendants shall pay the Settlement Amount as follows:  (1)

4   $2,000.00 shall be paid upon the entry of this Consent Judgment and (2) the

5   remaining $11,000.000 shall be paid in six installments of $1,833.33.  The six

6   installments shall be paid on the first of each month beginning June 1, 2009 and

7   ending November 1, 2009.

8               (b)     Defendants shall make the payments provided for above in the

9   form of a certified, cashier's, bank, or corporate business check drawn on a California

10  bank, made payable to "ASCAP," and delivered to Vikram Sohal, Esq., at Arnold &

11  Porter LLP, 777 South Figueroa Street, 44th Floor, Los Angeles, California 90017, or

12  such other person as Plaintiffs' attorneys shall designate to receive such payments.

13      3.      Contemporaneously with the execution of this Consent Judgment,

14  Defendants will execute an ASCAP General License Agreement for Electric Lotus

15  for the term commencing January 1, 2009.  License fees pursuant to such license

16  agreement for the calendar year 2009 shall be included in the amount to be paid by

17  Defendants as provided in this Consent Judgment.  License fees pursuant to such

18  license agreement for periods beginning January 1, 2010, shall be paid by Defendants

19  when due as billed by ASCAP, and Defendants shall otherwise abide by all of the

20  terms and conditions of the license agreement.

21      4.      In the event that Defendants fail to make any of the payments provided

22  for in paragraph 2(a), or to pay license fees to ASCAP as provided for in paragraph 3,

23  upon receipt by Defendants of written notice from Plaintiffs or their undersigned

24  attorneys of any such delinquency, Defendants shall have ten (10) calendar days in

25  which to cure such delinquency.  If the delinquency is not cured within such ten (10)

26  day period, Defendants shall be obligated to pay the full Judgment amount of Sixteen

27  Thousand Dollars ($16,000.00), less any payments previously made to Plaintiffs

28  pursuant to paragraph 2 above.  Such balance shall be immediately due and payable;

3

1    execution to collect such balance may issue forthwith and without any further notice

2    to Defendants; and such balance shall constitute a non-dischargeable debt in the event

3    Defendants file a petition for bankruptcy.

4        5.    Plaintiffs shall be granted all such writs and process as is necessary or

5    proper for the enforcement of this Consent Judgment.

6        6.    Subject to the Court's continuing jurisdiction over the parties for

7    purposes of enforcement of this Consent Judgment, this action is dismissed.

8

9    **<u>ORDER</u>**

10   **IT IS SO ORDERED.**

11

12   Dated: <u>04/30/09</u>

13

14   **PHILIP S. GUTIERREZ**

15   <u>UNITED STATES</u>

16   DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28